UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Montu Hotep Tum-Re El,                                    Case No. 3:15-cv-01248

        Plaintiff

   v.                                                                   MEMORANDUM OPINION
                                                                                          AND ORDER

Bruce Van Saun, et al.,

        Defendants

      This matter is before me *sua sponte* to consider the Notice of Removal filed by Plaintiff Montu Hotep Tum-Re El. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction . . . ."). I conclude the Plaintiff's removal of this case from the Lucas County, Ohio Court of Common Pleas was improper and remand the case to state court.

      The Plaintiff filed suit on June 8, 2015, in state court. On June 11, 2015, the common pleas court ordered the Plaintiff to remove the case to federal court. (*See* Doc. No. 10 at 4 n.3). Section 1441 of the United States Code states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The term "defendants," as used in § 1441(a), is narrowly construed. *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002). In reviewing 28 U.S.C. § 71, the statutory predecessor to § 1441, the Supreme Court of the United States noted Congress had amended § 71 to

eliminate language granting the right of removal to "either party" and limited that right to "the defendant or defendants"; the Supreme Court held "congressional intent bound the Court to deny plaintiffs the right to remove." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)); *see also Chicago, R.I. & P.R. Co. v. Stude*, 204 F.2d 116 (8th Cir. 1953) (holding plaintiff was not entitled to remove the complaint under § 1441). Therefore, as a plaintiff may not remove an action from state court to federal court, I conclude I lack subject matter jurisdiction over this case, and remand it to the Lucas County Court of Common Pleas.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge